ACCEPTED
12-14-00296-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
6/8/2015 12:51:25 PM
CATHY LUSK
CLERK

Case No. 12-14-00296-CR

IN THE TWELFTH COURT OF APPEALS

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
6/8/2015 12:51:25 PM
CATHY S. LUSK
Clerk

DAVID MARK DAVIS II,

Appellant,

VS.

THE STATE OF TEXAS,

Appellee

On Appeal from the County Court at Law No. 2 of Angelina County, Texas

The Honorable Dereck Flournoy, Presiding Judge

Trial Cause No. 14-1048

APPELLANT MOTION FOR REHEARING

_____

David Mark Davis II
Appellant, *Pro Se*
905 N Loop 499, Unit 525
Harlingen, TX 78550
(936) 238-8507(T)
(936) 309-0060(F)
dmarkdavis2@gmail.com

## PARTIES

**ATTORNEY'S FOR THE STATE AT PRE-TRIAL HEARING, PLEA HEARING AND ON APPEAL:**

JAMES YAKOVSKY, Assistant Angelina County Attorney
Angelina County Attorney's Office
P. O. Box 1845
Lufkin, Texas 75902-1845
936-639-3929


**DEFENDANT - PRO SE**

DAVID MARK DAVIS II
Appellant, *Pro Se*
905 N Loop 499, Unit 525
Harlingen, TX 78550
(936) 238-8507


## CERTIFICATE OF SERVICE

   I certify that at the time of efiling this Motion, I served a copy of the forgoing Motion on the party listed below by electronic service, and the electronic transmission was reported as complete. My e-mail address is dmarkdavis2@gmail.com.

JAMES YAKOVSKY
Attorney for the State
jyakovsky@angelinacounty.net

_____
David Mark Davis II
Appellant, Pro Se

## IN THE TWELFTH COURT OF APPEALS
## TYLER, TEXAS

**DAVID MARK DAVIS II,**

**Appellant,**

**VS.**

**THE STATE OF TEXAS,**

**Appellee**

On Appeal from the County Court at Law No. 2 of Angelina County, Texas

The Honorable Dereck Flournoy, Presiding Judge

Trial Cause No. 14-1048

**APPELLANT MOTION FOR REHEARING**

**TO THE HONORABLE JUSTICES OF SAID COURT:**

**COMES NOW THE APPELLANT** and moves the Honorable Court grant his Motion for Rehearing initial sua sponte determination of want of jurisdiction. Appellant bases this motion on based on constitutional and contract law. In support of his motion, the Appellant respectfully shows the following:

### Summary of Argument

Appellant argues for rehearing based on the following:

1. This Court's determination that it lacked jurisdiction violated Appellant's right to Due Process as provided by the State and Federal Constitution since Appellant's plea was made, and accepted, on the condition he have a right to appeal. Article 4.03 of the code of criminal procedure is unconstitutional as applied since it Appellant's fundamental right to due process.

2. This Court had jurisdiction under the theories of contract law. The State and Appellant entered into a legally binding contract sufficient to invoke this Court's jurisdiction when the trial court accepted Appellant's plea of no contest conditioned on Appellant's right to appeal.

## Facts

1. Appellant David Mark Davis II ("Davis") was charged by complaint with the criminal offense of speeding.

2. Davis was initially tried in the Lufkin Municipal Court where he was found guilty upon a plea of no contest.

3. Davis filed a timely noticed of appeal to the Angelina County Court at Law for a trial de novo, where his case was tried in the Angelina County Court at Law No. 2.

4. As part of his trial de novo, Davis filed a motion to suppress the evidence obtained from a warrantless traffic stop. Despite taking judicial notice and holding Davis was temporarily not free to leave the traffic stop, the trial court denied Davis' motion without requiring one iota of evidence from the State to justify the stop.

5. Davis immediately entered a *conditional* plea of no contest. This plea of no contest was *conditioned* on Davis' right to appeal.

6. The trial court set Davis' punishment at a fine of $75.00.

7. Davis filed a timely notice of appeal with both the trial court and this Court.

8.     Davis and the State submitted briefs as part of the appeal, with neither party raising jurisdictional challenges.

9.     The Court, acting sua sponte, dismissed Davis' appeal for want of jurisdiction on May 29, 2015.

## Argument & Authorities

**Article 4.03 of the code of criminal procedure is unconstitutional as applied.**

The Court of Appeals draws its jurisdiction from both the Texas Constitution[1] and state statutes[2]. The Court of Appeals have appellate jurisdiction over District and County Courts cases "under such restrictions and regulations as may be prescribed by law". This Court initially held that Article 4.03, a statutory law, forecloses on the jurisdiction of this Court since Davis' fine

---

[1] Art. 5. Sect. 6. Tex. Const.: COURTS OF APPEALS; TERMS OF JUSTICES; CLERKS. (a) The state shall be divided into courts of appeals districts, with each district having a Chief Justice, two or more other Justices, and such other officials as may be provided by law. The Justices shall have the qualifications prescribed for Justices of the Supreme Court. The Court of Appeals may sit in sections as authorized by law. The concurrence of a majority of the judges sitting in a section is necessary to decide a case. Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error. Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

[2] Tex. Code. of Crim, Proc. Art. 4.03: COURTS OF APPEALS; TERMS OF JUSTICES; CLERKS. (a) The state shall be divided into courts of appeals districts, with each district having a Chief Justice, two or more other Justices, and such other officials as may be provided by law. The Justices shall have the qualifications prescribed for Justices of the Supreme Court. The Court of Appeals may sit in sections as authorized by law. The concurrence of a majority of the judges sitting in a section is necessary to decide a case. Said Court of Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error. Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

was less than $100.00. This conclusion, in a general sense, would be justified. However, in the instant case, Davis entered a conditional plea of no contest. This plea was entered without knowledge of the fine that would be imposed and with the express condition that he would have a right to appeal. The trial court accepted Davis's conditional plea and assessed a fine of $75.00.

In the instant case, Article 4.03 conflicts with Davis' right to due process as provided by the Bill of Rights guaranteed to Davis by the United States and Texas Constitutions. Due to this conflict, Article 4.03 cannot be used to restrict Davis' appeal as it would violate Davis' fundamental rights. Due to the conditions of Davis' plea of no contest, it cannot be said that Davis knowingly and voluntarily entered a plea of no contest that didn't include a right to appeal.

Since Article 4.03 would be unconstitutional as applied, we are left with just the jurisdiction allotted to this Court under the Texas Constitution. Under the plain language of the jurisdiction provided by the Texas Constitution, this Court does have jurisdiction in this case and this case should have been allowed to proceed.

**This Court has jurisdiction under the theories of contract law.**

Contract law has long applied to the criminal justice system; mainly through the plea bargaining process. In a plea bargain, it has been said that the State and Defendant are entering into a legally binding contract. While this case wasn't a typical plea bargaining case, it does share some of the same aspects, namely the conditions on Davis' plea.

When the trial court accepted Davis' plea of no contest, the terms of that agreement became enforceable through contract law. As such, Davis has a clear right to appeal to this Court.

<u>Conclusion</u>

Davis entered a conditional plea of no contest. This plea was expressly conditioned on Davis' right to appeal. By dismissing this case, this Court's initial decision to dismiss this case violates the principals of equity and conflicts with the United States and Texas Constitutions. As Chief

6

Justice John Marshall stated in Marbury v. Madison, the *"very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury"* and from this premise, Chief Justice Marshall drew the opinion that every *"right, when withheld, must have a remedy, and every injury its proper redress"*[3]. In the instant case, the trial court, by accepting his plea conditioned on his right to appeal, gave Davis the right to appeal. This Court must grant rehearing to prevent irreparable harm to Davis.

This Court cannot limit itself to the jurisdiction prescribed in the Code of Criminal Procedure, when doing so would violate Davis' fundamental rights. It is from this argument that Article 4.03 of the Texas Code of Criminal Procedure is unconstitutional as applied to this case.

## Prayer

Davis prays the Honorable Court will grant rehearing to prevent irreparable harm to his fundamental rights.

Respectfully submitted,

_____
David Mark Davis II
Appellant, Pro Se

---

[3] *Marbury v. Madison*, 5 U.S. 137(1803)